JS-6    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 1-800 REMODEL, INC., | ) | Case No. CV 18-02827 DDP (JEMx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| ROBERT DOANE, | ) | |
| Defendants. | ) | |

Presently before the court is Defendant's Motion to Dismiss for lack of personal jurisdiction. Having considered the submissions of the parties, the court grants Defendant's motion and adopts the following Order.

**I. Background**

Plaintiff 1-800 REMODEL, INC. ("Remodel"), is a corporation that is incorporated and has its principal place of business in Los Angeles, California. (Complaint, ¶¶ 1-5, 11, 13-15, 20; Doane Decl. ¶¶ 3, 6; Ex. 1 (Settlement Agreement) at 1.) Remodel is a home-improvement company that provides free referral services to homeowners looking to remodel. Id. Defendant Robert A. Doane ("Doane") is a citizen of Massachusetts. (Compl. ¶ 6; Decl. of Robert A. Doane ¶ 2.)

1    Prior to March 10, 2017, Doane received telemarketing calls
2 from Remodel. (Compl. ¶ 16; Doane Decl. ¶ 3; Ex. 1 at 1.) After
3 Doane complained about those calls and threatened to sue, he
4 entered into a settlement agreement with Remodel on March 10, 2017
5 ("Effective Date") to resolve his complaints (the "Agreement").
6 (Compl. ¶¶ 6, 9; Doane Decl. ¶¶ 3-4; Ex. 1 at 1.) Under the
7 Agreement, Doane released Remodel "from any and all claims,
8 demands, and causes of action . . . that [Doane] ever had, or now
9 has, or may have, whether known or unknown, that have been raised
10 or that may have been raised at any time through and up to the
11 Effective Date of this Agreement." (Ex. 1 at 2, § 2.)
12    The Agreement provided that it "shall be governed
13 [by]...the...laws of...California...and the exclusive forum for any
14 litigation arising from the subject matter of this Agreement shall
15 be the federal and state courts of original jurisdiction located in
16 Los Angeles, CA." (Ex. 1 at 3, § 5.) While the Agreement provided
17 for the application of California law, it did not contain any
18 waiver of Cal. Civ. Code § 1542. Id. at 2-4.
19    In March 2018, Doane again began to receive telemarketing
20 calls from Remodel after Doane visited a website and allegedly
21 entered his contact information and consented to receive calls from
22 home improvement partners. (Compl. ¶¶ 12-15; Doane Decl. ¶ 6.) On
23 March 13, 2018 Doane sent Remodel a pre-suit demand letter to
24 complain about the new telemarketing calls he was receiving from
25 Remodel. (Doane Decl. ¶ 7; Ex. 2 (Doane's Pre-Suit Demand Letter).)
26 In that letter, Doane identified the calls as having occurred after
27 the Effective Date of the Agreement. Id.
28

Remodel then filed this action seeking a declaratory judgement that any claims by Doane over Remodel's telemarketing practices, in addition to any claims for breach of the Agreement, must be adjudicated in California. (Compl. ¶¶ 22-35.) Defendant now moves to dismiss for lack of personal jurisdiction.

**II. Legal Standard**

District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). When a defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006); Bohara v. Backus Hosp. Med. Benefit Plan, 390 F.Supp.2d 951, 961 (CD. Cal. 2005) (citing Ziegler v. Indian River Cty., 64 F.3d 470, 473 (9th Cir. 1995). Because California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" See Cal. Civ. Code § 410.10; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). The contacts must be of such a quality and nature that the defendants could reasonably expect to be "haled

3

into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

**III. Discussion**

A. Specific Personal Jurisdiction

A district court may exercise either general or specific personal jurisdiction over non-resident defendants. Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987). A court may exercise general jurisdiction when the defendant's activities within the forum state are so "continuous and systematic" as to render them essentially at home in the forum state. Goodyear Dunlap Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). A court may exercise specific jurisdiction when there is an affiliation between the forum and the underlying controversy, i.e., an activity that takes place in the forum state and is therefore subject to the state's regulation. Walden v. Fiore, 571 U.S. 277, 284-85 (2014). Plaintiff does not dispute that this Court does not have general jurisdiction over Doane, a Massachusetts citizen. The only question, therefore, is whether specific personal jurisdiction exists.

Courts in this circuit apply a three prong test when analyzing specific jurisdiction: (1) The non-resident defendant must purposefully direct his activities to or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and

substantial justice. Schwarzenegger, 374 F.3d at 802. Once the plaintiff satisfies the first two prongs of the test, the burden shifts to the defendant to show that exercising personal jurisdiction would be unreasonable. Id.

Under the first prong of the specific jurisdiction test, the plaintiff must show that the defendant purposefully directed his activities toward the forum state or purposefully availed himself of the privilege of conducting activities there. Id. Purposeful direction "requires that the defendant ... have (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803 (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)). Actions may be directed at the forum state even if they occurred elsewhere. Id. However, "random, fortuitous, or attenuated contacts" are insufficient to create the requisite connection with the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Here, Remodel argues that Doane purposefully directed his activities at California by providing his contact information to a third-party website and sending a demand letter to Remodel, a California corporation. Remodel also contends that Doane availed himself of the benefits of California law by entering into the Agreement, which, according to Remodel, applies even to the 2018 telemarketing calls. (Plaintiff's Opp'n to Mot. To Dismiss at 5.) Remodel's arguments are not persuasive.

First, Doane's actions did not constitute activity directed at California. Doane visited a third party website one time and provided his contact information so as to receive general inquiries

about a remodeling project in Massachusetts. (Compl. ¶ 12.) Remodel does not allege that the third party website had any association with California. Id. Nor is the fact that Doane sent a demand letter to Remodel in California dispositive. Indeed, the Ninth Circuit recently held that nonresident parties did not purposefully direct actions at the forum state even when they commenced a civil suit in the forum state. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1139-42 (9th Cir. 2017).

In Morrill, an Arizona lawyer represented condominium developer plaintiffs in litigation in Nevada state court. The Nevada defendants and their counsel allegedly harmed the Arizona lawyer in retaliation for his representation of the Nevada developer plaintiffs by, among other things, filing civil actions in Arizona and issuing improper deposition subpoenas there, filing a defamation action against the Arizona lawyer in Nevada state court and serving him in Arizona, and filing a Nevada state bar complaint against the Arizona lawyer. Id. at 1139-40. The Arizona lawyer then sued the Nevada lawyer in the District of Arizona, arguing that the Nevada lawyer purposely directed his activities toward Arizona by making phone calls, sending e-mails, and mailing documents to the Arizona lawyer in Arizona and filing motions and making appearances in Arizona court. Id. at 1142-43. The Ninth Circuit disagreed, holding that the Arizona district court did not have personal jurisdiction over the Nevada lawyer (and his co-defendants) because the Nevada lawyer's "very limited communications and proceedings in Arizona" were "solely a by-product of [the Arizona's lawyer's] residence[,]" and had nothing to do with Arizona itself. Id. at 1144-45. "[W]hen a defendant's

relationship to the forum state arises from the fortuity of where the plaintiff resides . . ., it does not provide the basis for specific jurisdiction there." Id. at 1148. Here, Doane's single act of sending a demand letter to Remodel, which happened to reside in California, was far more brief and attenuated than those of the defendants in Morrill. For jurisdictional purposes, Doane did not direct activity at California.

Second, for purposes of the instant action, Doane did not avail himself of the benefits of California law by entering into the Agreement because the Agreement does not control the circumstances of this dispute. Remodel argues that even though the telemarketing calls at issue here postdate the Agreement, the Agreement controls because it provides that all claims relating to the "subject matter" of the Agreement must be brought in California. (Compl. ¶¶ 9, 18, 32-33; Ex. 1 at 3, § 5.) Remodel's interpretation of the Agreement is not convincing.

Under the Agreement, Doane released all claims "that may have been raised at any time through and up to the Effective Date of this Agreement." California courts have a "strong and growing distaste ... for exculpatory release provisions releasing a tortfeasor from liability for his or her future negligence or misconduct." Ferrell v. S. Nevada Off-Rd. Enthusiasts, Ltd., 147 Cal. App. 3d 309, 314 (1983). Under California law, "[t]o be valid and enforceable, a written release exculpating a tortfeasor from liability for future negligence or misconduct must be clear, unambiguous and explicit in expressing the intent of the parties." Baker Pac. Corp. v. Suttles, 220 Cal. App. 3d 1148, 1153 (1990)(noting that releases that waive liability for future

7

intentional torts are generally void as a matter of public policy under Cal. Civ. Code § 1668). Here, the mere use of the term "subject matter" hardly evinces Doane's unambiguous intent to release future claims, particularly in light of the "effective date" language. Furthermore, the Agreement provides for the application of California law. California Civil Code Section 1542, however, states that a "general release does not extend to claims which the creditor does not know or suspect to exist . . . at the time of executing the release." (Ex. 1 at 2, § 2.) The Agreement does not contain a waiver of Section 1542.

Thus, nothing in the Agreement suggests that Doane intended to release Remodel from any telemarketing-related claim in perpetuity. Doane's demand letter did not reference the Agreement or invoke any California law, but rather referenced only federal and Massachusetts law. (Ex. 1.) As relevant to this dipsute, Doane did not purposely avail himself of the benefits of California law.

Because Doane neither directed activity at California nor purposefully availed himself of the benefits of California law, this Court does not have specific personal jurisdiction over him.

**IV. Conclusion**

For the foregoing reasons, Doane's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: July 31, 2018

DEAN D. PREGERSON
United States District Judge